**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAROLYN J. PALMER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-05932 |
| JACOB COLLECTION GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

**NOW COMES** Carolyn J. Palmer ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Jacob Collection Group, LLC, ( "Defendant") as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

**JURISDICTION AND VENUE**

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who resides in Illinois and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency with its principal place of business located in Mississippi. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

7. In 2015, Plaintiff obtained a personal loan from Check 'n Go in the approximate amount of $500.00 ("subject debt").

8. Plaintiff was making timely payments to Check 'n Go until she could no longer afford the monthly payments resulting in Plaintiff defaulting on the subject debt.

9. In early 2017, Check 'n Go sold or transferred the subject debt to Defendant for the principal purpose of which was collect the defaulted subject debt.

10. In February 2017, Defendant began placing collection calls to Plaintiff's cellular telephone number (217) XXX-9844 attempting to collect the subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 9844.

12. Immediately after the calls began, Plaintiff answered a phone call to her cellular telephone from a representative of Defendant. Defendant repeatedly demanded that Plaintiff make a payment on the subject debt. Plaintiff responded by requesting that Defendant cease placing calls to her cellular phone.

13. On May 22, 2017, Plaintiff answered another phone call to her cellular telephone from a representative of Defendant and *again* demanded Defendant to cease placing calls to her cellular phone as she did not have the funds to pay the subject debt.

14. Plaintiff answered no less than 5 calls from Defendant, and in each answered call, demanded that Defendant cease its calls to Plaintiff's cellular telephone.

15. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant placed or caused to be placed an average of 2 phone call per week between February 2017 through the present day, in an attempt to collect on the subject debt.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. In total, Defendant placed or caused to be placed no less than 23 harassing phone calls to Plaintiff's cellular telephone from February 2017 through the present day, with calls taking place several times in one day, on back to back days, and on the weekends.

18. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

19. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

20. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

21. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

22. The phone number that Defendant most often used to contact Plaintiff is (877) 513-3488, but upon information and belief, it may have used other phone numbers as well.

23. Upon information and belief, Defendant's phone number ending in 3488 is the number assigned to Defendant's collection department.

24. Moreover, at no time did Defendant send Plaintiff any correspondences notifying her of her rights pursuant to 15 U.S.C. §1692g.

DAMAGES

25. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

26. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

27. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

28. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

31. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

32. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

33. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

34. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

35. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

36. Defendant violated the TCPA by placing no less than 23 harassing phone calls to Plaintiff's cellular telephone from February 2017 through the present day, using an ATDS without her prior consent.

37. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on her cellular phone on at least five separate occasions.

38. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

39. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

40. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

41. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

42. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, CAROLYN J. PALMER respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

45. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

46. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

47. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

48. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

49. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

50. Defendant violated 15 U.S.C. §§1692d, d(5), and g through its unlawful debt collection practices.

7

### a.  Violations of  FDCPA § 1692d

51. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease on no less than 5 separate occasions.

52. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 23 harassing phone calls to Plaintiff's cellular telephone from February 2017 through the present day, using an ATDS without her prior consent, with calls taking place several times in one day, on back to back days, and on weekends.

### b.  Violations of  FDCPA § 1692g

53. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

54. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

55. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

56. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff CAROLYN J. PALMER respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d.  Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

57. Plaintiff restates and realleges paragraphs 1 through 28 as through fully set forth herein.

58. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

59. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

60. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

61. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff.

### a. Unfairness and Deception

62. It was unfair and deceptive for Defendant to seek to collect the subject debt from the Plaintiff through relentless harassing phone calls to her cellular phone attempting to dragoon her into making a payment.

63. It was unfair for Defendant to place or cause to be placed no less than 23 harassing phone calls to Plaintiff's cellular phone from February 2017 through the present day, using an ATDS without her prior consent with calls taking place several times in one day, on back to back days, and on weekends.

64. It was unfair for Defendant to continue placing calls to Plaintiff after she demanded that the calls cease on no less than 5 separate occasions.

65. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to her cellular phone.

66. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

67. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

68. Upon information and belief, placing harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

69. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully (companies who legally place calls with consent, as authorized, and who lawfully cease calling upon requests to stop).

70. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

71. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the never-ending phone calls.

**WHEREFORE**, Plaintiff CAROLYN J. PALMER requests that this Honorable Court:

      a.  Enter judgment in Plaintiff's favor and against Defendant;

      b.  Award Plaintiff her actual damages in an amount to be determined at trial;

      c.  Award Plaintiff her punitive damages in an amount to be determined at trial;

      d.  Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

      e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 15, 2017              Respectfully Submitted,

/s/ Marwan R. Daher              /s/ Omar T. Sulaiman
Marwan R. Daher, Esq. ARDC#6325465    Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*              *Counsel for Plaintiff*
Sulaiman Law Group, Ltd          Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200    2500 South Highland Avenue, Suite 200
Lombard, IL 60481              Lombard, IL 60481
Telephone: (630) 575-8181 ext. 109     Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com         osulaiman@sulaimanlaw.com